**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

IN RE:     ETHICON, INC.,
              PELVIC REPAIR SYSTEM
              PRODUCTS LIABILITY LITIGATION       MDL No. 2327

THIS DOCUMENT RELATES TO:

*Doyle v. Ethicon, Inc., et al.*             Civil Action No. 2:14-cv-20086

**MEMORANDUM OPINION AND ORDER**
***(Defendants' Motion for Sanctions*)**

Pending before the court is Ethicon, Inc. and Johnson & Johnson's (collectively "Ethicon")

Motion for Sanctions [ECF No. 5]. The plaintiff's only response to the motion is a notice of

compliance stating that as of the date of the notice, the plaintiff has served the defendant with her

PPF [ECF No. 6], and the deadline for responding or replying has passed. Thus, this matter is ripe

for my review. For the reasons stated below, Ethicon's Motion for Sanctions [ECF No. 5] is

**GRANTED in part** and **DENIED in part**.

     **I.**       **Background**

This case resides in one of seven MDLs assigned to me by the Judicial Panel on

Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ

prolapse and stress urinary incontinence. In the seven MDLs, there are over 70,000 cases currently

pending, approximately 30,000 of which are in the Ethicon, Inc. MDL, MDL 2327. Managing

multidistrict litigation requires the court to streamline certain litigation procedures in order to

improve efficiency for the parties and the court. Some of these management techniques simplify

the parties' discovery responsibilities. Pretrial Order ("PTO") # 17, for example, ensures that

Ethicon receives the plaintiff-specific information necessary to defend the cases against it. Under

PTO # 17, each plaintiff in this MDL must submit a Plaintiff Profile Form ("PPF") to act as interrogatory answers under Federal Rule of Civil Procedure 33 and responses to requests for production under Federal Rule of Civil Procedure 34. (*See* PTO # 17, *In re: Ethicon, Inc., Pelvic Repair System Prods. Liab. Litig.*, No. 2:12-md-2327, entered Oct. 4, 2012, *available at* http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html). Each plaintiff must submit a PPF within 60 days of filing a Short Form Complaint. (*Id.* ¶ 1b). Failure to do so subjects the plaintiff "to sanctions, to be determined by the court, upon motion of the defendants." (*Id.* ¶ 1i). The parties jointly drafted the requirements for PTO # 17, and I entered it as applicable to every one of the thousands of cases in this MDL.

Here, the plaintiff filed her complaint on July 1, 2014, and her PPF was due to Ethicon by September 1, 2014. The plaintiff did not submit a PPF during this time period. Indeed, the plaintiff did not submit a PPF until Ethicon filed the instant motion, making the PPF more than 497 days late. Ethicon asks the court to dismiss the plaintiff's case or, alternatively, sanction the plaintiff a reasonable monetary penalty. The plaintiff's response does not directly address the defendant's motion, and only represents that the PPF has now been sent.

## II.     Legal Standard

Federal Rule of Civil Procedure 37(b)(2) provides that a court may issue "just orders" when a party fails to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A). In the MDL world, this authority has particular significance. An MDL judge bears the "enormous" task of "mov[ing] thousands of cases toward resolution on the merits while at the same time respecting their individuality," and to carry out this task in a smooth and efficient manner, the judge must establish and, more importantly, enforce rules for discovery. *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006). Rule 37(b)(2) supplies the tool for this enforcement, allowing

a judge to impose sanctions when a party fails to comply with the court's discovery orders. *See id.* at 1232 ("[A] willingness to resort to sanctions, sua sponte if necessary, may ensure compliance with the [discovery] management program." (internal citation omitted)); *see also Freeman v. Wyeth*, 764 F.3d 806, 810 (8th Cir. 2014) ("The MDL judge must be given 'greater discretion' to create and enforce deadlines in order to administrate the litigation effectively.").

### III.     Discussion

The circumstances of this case lead me to impose the sanction provided in Rule 37(b)(2)(C), which requires the disobeying party to pay "the reasonable expenses, including attorney's fees, caused by the [discovery] failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). The plaintiff has not provided substantial justification for her failure to timely submit to discovery. Furthermore, there are no circumstances that make this sanction unjust. Although the discovery violation has since been cured, it nevertheless resulted in litigation expenses for Ethicon. Applying Rule 37(b)(2)(C) ensures that the disobeying party, rather than the innocent party, bears those costs. Accordingly, Ethicon's Motion to Dismiss is **DENIED in part** in regard to dismissing the plaintiff's claim and **GRANTED in part** to the extent that it seeks the payment of reasonable expenses.

To bring this Motion for Sanctions, Ethicon expended time and money identifying Ms. Doyle as one of the non-compliant plaintiffs; assessing the effect of her discovery violations; drafting a motion to dismiss or for sanctions; serving the motion; and replying to the plaintiff's brief in opposition. All knowledgeable MDL counsel would consider these efforts, which could have been avoided had the plaintiff followed the court's order, to be worth $1000 at the least.

Based on my understanding of the economic and administrative realities of multidistrict litigation, I conclude that a minimal representative valuation of Ethicon's expenses is $1000.

### IV.     Conclusion

It is therefore **ORDERED** that the plaintiff has **30 business days** from the entry of this Order to pay Ethicon **$1000** as minimal partial compensation for the reasonable expenses caused by the plaintiff's failure to comply with discovery.[1] In the event that the plaintiff does not provide adequate or timely payment, the court will consider ordering a show-cause hearing in Charleston, West Virginia, upon motion by the defendants. It is further **ORDERED** that Ethicon's Motion for Sanctions [ECF No. 5] is **GRANTED in part** and **DENIED in part**. Finally, it is **ORDERED** that plaintiff's counsel send a copy of this Order to the plaintiff via certified mail, return receipt requested, and file a copy of the receipt.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 25, 2016

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[1] The court directs Ethicon to communicate with plaintiffs' leadership regarding payment instructions.